Case 2:21-cv-03914   Document 1-1   Filed 07/12/21   Page 1 of 7 PageID #: 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
TANOSHA TONEY,

              Plaintiff,

     vs.

CREDENCE RESOURCE MANAGEMENT LLC.

              Defendants.
-------------------------------------------------------------------X

Index No.:

SUMMONS

Date Index No. Purchased:

To the above-named Defendant:

CREDENCE RESOURCE MANAGEMENT LLC
17000 Dallas Parkway, Suite 204, Dallas, Texas 75248

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after t h e service is complete if this Summons is not p e r s o n a l l y delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Suffolk County. Plaintiff's address which is Islip Terrace, NY.

Dated this 2nd day of June, 2021.

_____
Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
ea@zemellawllc.com
Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Debt Collection Practices Act.

**SUPREME COURT OF THE STATE OF NEW YORK**
**SUFFOLK COUNTY**

| | |
|---|---|
| TANOSHA TONEY, and all other similarly situated consumers, | ) Case No: |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) |
| | ) |
| | ) |
| CREDENCE RESOURCE MANAGEMENT LLC. | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Tanosha Toney ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to NY CPLR §301.

3.     Venue is proper in the Supreme Court of the State of New York, Suffolk County pursuant
to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this
county.

## PARTIES

NYSCEF DOC. NO. 1   Case 2:21-cv-03914   Document 1-1   Filed 07/12/21   Page 3 of 7 PageID #: 6
RECEIVED NYSCEF: 06/09/2021

4.     Plaintiff is a natural person, who at all relevant times has resided in Islip Terrace, New York.

5.     Defendant is a corporation doing business in the State of New York, with its corporate address as 17000 Dallas Parkway, Suite 204, Dallas, Texas 75248 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.  On a date better known by Defendant, Plaintiff incurred a personal debt for phone services. The debt went delinquent.

7.  On April 22, 2020, Plaintiff reached a settlement on the debt, and satisfied the debt in full for less than the full balance. Plaintiff received a receipt to this effect from Defendant dated April 28, 2020.

8.  Thereafter, Plaintiff disputed the charges.

9.  On June 4, 2020, Defendant sent Plaintiff a letter regarding the account which listed the balance as $748.23. The letter states, "The balance due on your account is shown above."

10. The letter is false and deceptive as Plaintiff no longer owes any debt to Defendant, as it was resolved.

## CLASS ACTION ALLEGATIONS

### The Class

11.     Plaintiff brings this as a class action pursuant to NY CPLR Article 9. Plaintiff seeks to represent a class for purposes of liability and statutory damages only. Plaintiff does not seek actual damages for the classes.

2

12.     Plaintiff seeks certification of the following class initially defined as follows:

Nationwide FDCPA Class: All consumers residing within the United States that have received a letter from Defendant that listed a balance due after the account had been resolved concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.

## Numerosity

13.     Upon information and belief, Defendant sent hundreds, if not thousands, of letters to consumers throughout the United States stating a balance due after resolution, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

14.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Defendant.

## Common Questions of Law and Fact

15.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

3

16.    The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have obviously received a letter from Defendant. Accordingly, Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

17.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18.    Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

19.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

20.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

21.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

22.    Certification is appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4

23.    Certification of a class under is appropriate in that the questions of law and fact common to members of Plaintiff's Class predominate over any questions affecting an individual member and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes or sub-classes.

25.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

26.    Absent a class action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Defendant's conduct to proceed and continue to harm consumers.

27.    Defendant has acted, and will act, on grounds generally applicable to the Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq*

28. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

29. Defendant's collection communication violates 15 USC §§ 1692e and 1692e(2) the FDCPA.

5

WHEREFORE, Plaintiff respectfully requests that the court grant Plaintiff actual and statutory

damages, in addition to attorney's fees and costs.

## JURY TRIAL DEMAND

30.    Plaintiff demands a jury trial on all issues so triable.

Dated: June 2, 2021.

Respectfully Submitted,

Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
(Tel): 862-227-3106

6